383 S.E.2d 64

**FOURCO GLASS COMPANY**

v.

**WEST VIRGINIA HUMAN RIGHTS COMMISSION and Jerry Wayne Lewis.**

**No. 18319.**

Supreme Court of Appeals of West Virginia.

July 7, 1989.

Charles G. Johnson, Jane Mainella Myers, Johnson & Johnson, Clarksburg, for Fourco Glass.

Barbara Fleischauer, Asst. Atty. Gen., Morgantown, for appellees.

PER CURIAM:

This is an appeal by Fourco Glass Company from the final order of the Circuit Court of Taylor County which affirmed, in part, a decision of the West Virginia Human Rights Commission, which found that the appellant discriminatorily refused to hire the appellee, Jerry Lewis, due to an x-ray which revealed a "potential back problem." Since the Human Rights Commission, as well as the complainant, treated this discriminatory practice as one involving a "perceived handicap," we reverse the decision of the Circuit Court because the Commission's decision relied on an interpretive agency rule that we have previously declared invalid as improperly promulgated. *Chico Dairy Co. v. West Virginia Human Rights Commission,* 181 W.Va. 238, 382 S.E.2d 75 (1989), *opinion as modified on denial of rehearing.*

The appellee, Jerry Lewis, had a few years experience as a worker in a glass factory. He applied for a job at Fourco. As part of its hiring practices, Fourco required the appellee and other applicants to undergo a physical examination which included a back x-ray.

The back x-rays were reviewed by Dr. Dale Simmons, a general practitioner at United Hospital Center in Clarksburg, West Virginia. Dr. Simmons is salaried by the hospital and also works for the West Virginia Department of Vocational Rehabilitation, where he routinely reviews occupational injury cases for a six to eight county region.

It is undisputed that the x-ray revealed a transitional vertebrae at L5–S1. The right side of the vertebrae is sacralized. The left is not. Dr. Simmons noted on the complainant's examination form "potential back problem."

As a result of Dr. Simmons' opinion, the complainant was not hired. The complainant subsequently filed a complaint with the Commission in 1982, alleging that Fourco's pre-employment screening practices were discriminatory. The complaint was treated throughout the entire administrative process as a "perceived handicap" under an interpretive rule of the Commission. *See Chico Dairy, supra,* for discussion of the interpretive rule. During this time, the legislature had never included in the definition of "handicap" the concept of "perceived handicap" under the Human Rights Act." *W.Va.Code,* 5–11–3 [1987].

At a hearing conducted on the matter, the complainant produced evidence from another doctor, neurologist Thomas Crosby, who opined that the complainant would not have future back problems. Further, the complainant introduced evidence of his ability to perform manual labor for employers throughout 1984 and 1985, after Fourco refused to hire him in 1982.

The Commission noted the claimant's "fitness" and *ability to work in "compar-*

*ably strenuous" occupations* after Fourco's refusal to hire him. It then found that Fourco discriminated against the complainant on the basis of the Commission's interpretive rule concerning a "perceived handicap." The Commission held that the "preemployment back x-ray is a discriminatory screening device because it is relied upon to reject applicants for employment who are able to work and who may never develop back problems." * The Commission then awarded the complainant $100,000 back pay and $3,000 for humiliation.

Fourco appealed to the Circuit Court of Taylor County. In its brief, filed with the circuit court in 1986, the appellant specifically assigned as error the Commission's lack of statutory authority to expand the legislature's definition of "handicap" under *W.Va.Code*, 5–11–3 [1987] through an interpretive rule in order to include a "perceived handicap."

By order dated April 25, 1986, the circuit court affirmed all findings of fact and conclusions of law, except the award of $3,000 for humiliation was reduced to $300.

The appellant petitioned this Court for appeal, again contending that the Commission lacked the authority to expand the statutory definition of "handicap" to include a "perceived" handicap." While appellant's case was pending, the Court decided the issue in syl. pt. 1 of *Chico Dairy Co. v. West Virginia Human Rights Commission*, 181 W.Va. at 239, 382 S.E.2d at 77 (1989), *opinion as modified on denial of rehearing:*

The rule of the West Virginia Human Rights Commission, 6 *W.Va.Code of State Rules* § 77–1–2.7 (1982), defining a 'handicapped person,' for purposes of the West Virginia Human Rights Act, to include a person who does not in fact have a 'handicap,' as defined by *W.Va.Code*, 5–11–3(t), as amended, but who 'is regarded as having such a handicap,' is invalid. That rule is a 'legislative rule' under *W.Va.Code*, 29A–1–2(d), as amended, but was not submitted to the legislative rule-making review committee for its approval, as required by *W.Va.Code*, 29A–3–9 to –14, as amended.

In doing so, we acknowledged in *Chico Dairy*, 181 W.Va. at 248, 382 S.E.2d at 85 n. 10, that the legislature amended *W.Va. Code*, 5–11–3(t) and included in the definition of handicap one who "[i]s regarded as having such an impairment." Since the effective date of the amendment is July 1, 1989, we noted "[a]n amendment is meant to change the law." *Chico Dairy, supra.* Prior to the amendment, the Commission was not delegated the authority to fashion an interpretive rule on the matter, since the statute did not previously envision a "perceived handicap" as a "handicap."

The appellant has preserved the precise error for which we reversed the circuit court in *Chico Dairy*. Therefore, we must reverse the decision of the Commissioner, as it was based on an improperly promulgated interpretive rule. To the extent that the appellee contends that this Court should consider the complaint, as one concerning an actual handicap, the complain-

---

* This blanket holding of the Commission that a back x-ray is a *per se* discriminatory screening device is rooted in note 8 of *Rules of the Human Rights Commission*, 6 W.Va.Code of State Rules § 77–1–2.7 (1982), wherein the Commission gives examples of *"discrimination* against persons who are regarded as *substantially impaired."* (emphasis added). Among the examples is "the refusal to hire a person with x-ray evidence of a congenital back anomaly even though the person has no impairment as a result of such anomaly."

The legal principles regarding perceived handicaps are elusive, at best, and most assuredly far less "cut and dry" than the Commission's interpretive rule indicates. *See Ranger Fuel Corp. v. Human Rights Commission*, 180 W.Va. 260, 265,

376 S.E.2d 154, 159 (1988) and the federal authorities cited therein, at note 2, *Ranger Fuel, supra.*

For a good discussion of the numerous elements of a perceived handicap claim that must be proven by the complainant, *see* Thomas Edward Seguine, "What's a Handicap Anyway? Analyzing Handicap Claims under the Rehabilitation Act of 1973 And Analogous State Statutes," 22 Williamette L. Rev 529 (1986); Note "The Rehabilitation Act of 1973: Focusing the Definition of A Handicapped Individual," 30 William and Mary L.Rev. 149 (1988); Note "Employment Discrimination Against the Handicapped and Section 504 of the Rehabilitation Act: An Essay on Legal Evasiveness," 97 Harvard L.Rev. 997 (1984).

ant never pursued this cause of action below. Syl. pt. 3, *Chico Dairy, supra.*

Based upon the foregoing, the decision of the Circuit Court of Taylor County is reversed.

Reversed.