419 S.E.2d 305

**Michael L. ANDERSON, Plaintiff Below, Appellant**

v.

**LIVE PLANTS, INC., dba Mountaineer Greenhouse, dba Mountaineer Greenhouses, dba Mountaineer Green Houses, Defendant Below, Appellee.**

No. 20655.

Supreme Court of Appeals of West Virginia.

Submitted May 6, 1992.

Decided June 11, 1992.

LaVerne Sweeney, Grafton, for appellant.

James A. Matish, Clarksburg, for appellee.

PER CURIAM:

Michael L. Anderson applied several times for a job with Live Plants, Inc., in March and April of 1989. Although six other persons were hired during that time, Mr. Anderson was not. During Mr. Anderson's last attempt to be employed, Gang Nam Yoo, the head grower for Live Plants, stared directly at Mr. Anderson's severely deformed right hand and arm when he again refused to hire Mr. Anderson. Mr. Anderson, alleging that Live Plants' failure to hire him was discrimination against the handicapped, filed suit in the Circuit Court of Taylor County. After some discovery, Live Plants was granted summary judgment because the circuit court held that Mr. Anderson had a perceived handicap that was not actionable. On appeal, Mr. Anderson argues that he is handicapped by his severely deformed right hand and arm. Because we agree that Mr. Anderson has a handicap, we reverse the decision of the circuit court and remand the case for additional proceedings.

Mr. Anderson was born with no fingers on his right hand and a substantially smaller right forearm. Although Mr. Anderson can move his arm, his hand is in a locked position close to his body and his handicap is clearly visible. Mr. Anderson has successfully worked delivering pizza, maintaining a graveyard, washing cars, driving a taxi, and performing general labor. All of Mr. Anderson's work experience has been in entry level, general labor positions requiring no special skills.

On March 21, 1989, Mr. Anderson applied to work for Live Plants, a greenhouse specializing in flowers. Live Plants employs between 50 and 100 persons during the peak growing season as laborers.[1] The head grower, Gang Nam Yoo, accepted Mr. Anderson's application but told Mr. Anderson that Live Plants was not hiring. Between March 21 and April 17, 1989, Mr. Anderson requested employment three more times, once by telephone and twice in person. Each time, Mr. Yoo told Mr. Anderson that Live Plants was not hiring. Mr. Anderson alleges that Live Plants hired at least 6 persons during between March 21 and April 17, 1989, and that he was not hired because of his right hand and arm.

Mr. Anderson filed a complaint with the West Virginia Human Rights Commission and after he received a "Notice of Right to Sue," Mr. Anderson instituted suit in the Circuit Court of Taylor County. Alleging that Mr. Anderson's work record showed that his handicap was perceived rather than real, Live Plants was granted summary judgment.[2] On appeal, Mr. Anderson maintains that he has a handicap because of his severely deformed right hand and arm.

---

1. Although the depositions of Mr. Anderson and Richard Thomas, Chief Executive Officer of Live Plants, were part of the record sent to this Court, the record did not contain interrogatories, answers to interrogatories, requests for production of documents and the documents produced.

2. Before July 1, 1989, discrimination based on the perception of a handicap was not actionable; to be actionable, discrimination had to occur because of a "handicap" as defined by the West Virginia Human Rights Act. *Chico Dairy Co., Store No. 22 v. West Virginia Human Right Commission*, 181 W.Va. 238, 382 S.E.2d 75 (1989). *See also Fourco Glass Co. v. West Virginia Human Rights Commission*, 181 W.Va. 432, 383 S.E.2d 64 (1989).

## I

■ In Syllabus Point 2, *Ranger Fuel Corp. v. West Virginia Human Rights Commission*, 180 W.Va. 260, 376 S.E.2d 154 (1988), we said:

> A handicapped person claiming employment discrimination under *W.Va. Code*, 5–11–9 [1981], must prove as a *prima facie* case that such a person (1) meets the definition of 'handicapped,' (2) possesses the skills to do the desired job with reasonable accommodations and (3) applied for and was rejected for the desired job. The burden then shifts to the employer to rebut the claimant's *prima facie* case by presenting a legitimate, nondiscriminatory reason for such person's rejection. An example of such a legitimate, nondiscriminatory reason is that a person's handicap creates a reasonable probability of a materially enhanced risk of substantial harm to the handicapped person or others.

■ The definition of handicap that is applicable to this case is found in West Virginia Human Rights Act, *W.Va.Code*, 5–11–3(t) [1987], which said:

> The term "handicap" means any physical or mental impairment which substantially limits one or more of an individual's major life activities.[3]

In Syllabus Point 3, *Ranger*, we held that:

> The definition of 'handicap' as specified in *W.Va.Code*, 5–11–3(t) [1981] [sic], must be strictly construed in order to assist individuals with substantial handicaps in achieving employment; a strict construction allows proper accommodation of the interests of handicapped individuals, other employees, the employer and the public.

We have applied the 1987 Code's definition of handicap several times. In *Ranger, id.*, 180 W.Va. at 264, 376 S.E.2d at 159, we held that psoriatic lesions were not a handicap because the condition did not substantially limit the plaintiff's major life activities. In *Davidson v. Shoney's Big Boy Restaurant*, 181 W.Va. 65, 66, 380 S.E.2d 232, 233 (1989), we held that a person with petit mal epilepsy who was discharged had a prima facie case for discrimination and found the "appropriate test [for judging the discharge] is whether there was a reasonable *probability* of injury to herself or others." In *Chico Dairy, supra* note 2, 181 W.Va. at 248, 382 S.E.2d at 85, we held that physical appearance, namely a sunken or hollow eye socket that was unacceptable to an employer, was "not actionable under the clearly restrictive definition of 'handicap' contained in the West Virginia Human Rights Act." In *Casteel v. Consolidation Coal Co.*, 181 W.Va. 501, 508, 383 S.E.2d 305, 308 (1989), we held a person whose degenerative joint disease substantially limited his ability to work was handicapped person. We also held that a person at any stage of infection with the human immune deficiency (AIDS) is a handicapped person. Syllabus, in part, *Benjamin R. v. Orkin Exterminating Co.*, 182 W.Va. 615, 390 S.E.2d 814 (1990). However, in *O'Dell v. Jennmar Corp. of W.Va., Inc.*, 184 W.Va. 280, 285, 400 S.E.2d 288, 293 (1990), we held that evidence of a 15 percent permanent partial disability award from West Virginia Workers' Compensation Commission without a showing that this physical impairment substantially limited a major life activity was insufficient proof of a handicap as defined in *W.Va.Code*, 5–11–3(t) [1987].

■ In the present case, the record establishes that Mr. Anderson has a severe-

---

3. In 1989, the definition of handicap was broadened when *W.Va.Code*, 5–11–3(t) was amended. *W.Va.Code*, 5–11–3(t) [1989] provides:

> The term "handicap" means a person who:
> (1) Has a mental or physical impairment which substantially limits one or more of such person's major life activities; the term "major life activities" includes functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working;
> (2) Has a record of such impairment; or
> (3) Is regarded as having such an impairment.
> For the purposes of this article, this term does not include persons whose current use of or addiction to alcohol or drugs prevents such individual from performing the duties of the job in question or whose employment, by reasons of such current alcohol or drug abuse, would constitute a direct threat to property or the safety of others.

ly deformed right hand and arm. It is obvious that a deformed right hand and arm substantially limit a person's major life activities. Although Mr. Anderson has been hired for several entry level positions, merely because other employers did not discriminate against Mr. Anderson does not mean that Mr. Anderson is not handicapped. We hold that Mr. Anderson's severely deformed right hand and arm meet the definition of handicap found in *W. Va. Code,* 5–11–3(t) [1987] and, therefore, we reverse the summary judgment granted by the circuit court.

For the above stated reasons, the order of the Circuit Court of Taylor County is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.